TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00693-CV






Bruce Wayne Houser, Appellant


v.


Douglas Dretke, Director, Texas Department of Criminal Justice, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-05-004567, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N




 Appellant Bruce Wayne Houser seeks to appeal from a district court order dismissing
his lawsuit for want of prosecution. See Tex. R. Civ. P. 165a; Tex. R. Jud. Admin. 6. The order
dismissing Houser's suit was signed and entered on August 28, 2008. The deadline for perfecting
appeal was therefore September 27, 2008. See Tex. R. App. P. 26.1 (requiring notice of appeal to
be filed with 30 days after judgment is signed). Houser filed his notice of appeal with this Court on
November 12, 2008. (1) Because it was filed after September 27, 2008, Houser's notice of appeal is
untimely. See id. 

 Notwithstanding this deadline, Houser contends that his notice of appeal is timely
because he filed a motion for reinstatement as allowed under Tex. R. Civ. P. 165a, and his notice of
appeal was filed within 90 days after the order of dismissal was signed. See
Tex. R. App. P. 26.1(a)(3) (extending deadline for filing notice of appeal to 90 days if any party
timely files a motion for reinstatement under Tex. R. Civ. P. 165a). Rule 165a of the rules of civil
procedure requires a party to file a motion for reinstatement within 30 days after the order of
dismissal is signed. See Tex R. Civ. P. 165a. Rule 26.1 of the rules of appellate procedure does
extend the deadline for filing a notice of appeal in cases where a party files a timely motion for
reinstatement under Tex. R. Civ. P. 165. See Tex. R. App. P. 26.1(a)(3). As the order of dismissal
was signed on August 28, 2008, Houser was required to file a motion for reinstatement on or before
September 27, 2008. See Tex. R. Civ. P. 165a. Houser did not file his motion for reinstatement until
October 10, 2008. Because Houser's motion for reinstatement was untimely, it did not serve to
extend the deadline for perfecting an appeal under the rules of appellate procedure. 
See Tex. R. App. P. 26.1. We conclude that Houser's notice of appeal, filed on November 12, 2008,
was untimely and did not properly invoke the jurisdiction of this Court. We therefore dismiss the
appeal for want of jurisdiction.


 

 Jan P. Patterson, Justice


Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: March 4, 2009
1. Houser does not purport to file a restricted appeal, and his notice of appeal does not
comport with Tex. R. Civ. P. 25.1(d)(7).